MRS. MARIE ROSE GREGORY ( NO. 8349

VS COURT OF APPEAL

ALPHONSE HAINEBACK ) PARISH OF ORLEANS

8349

* * *

WILLIAM A. BELL, JUDGE.

* * *

. APRIL 2, 1923.

Court of Appeal

4/2/23

By WILLIAM A. BELL, JUDGE.

This is a suit brought by plaintiff as lessor and owner of premises No. 1005 Annunciation Street. The petition sets forth a claim for two months rent, for damages arising from the failure of plaintiff to rent her premises after same had been vacated by the defendant for the reason of the filthy and delapidated condition in which the defendant is alleged to have left the premises. There is also an additional claim for estimated repairs necessary to place the building in proper condition and to restore it to the condition in which it is alleged to have been at the time plaintiff first leased the property to defendant. The prayer of the petition is for the recovery of the total sum of $457.50, but plaintiff's counsel in argument and brief before this court admits to certain corrections in the amount originally claimed and now sets forth said amount to be as follows:

> "Two months of the unexpired second year of the lease, January and February, of 1919, at $20.00 per month, amounting to, - - - - - - - - -$40.00
> "From March 1, 1919, to December 1, 1919, nine months of the second year of the lease, at $20.00 per month, - - - - - - - - - -180.00
> "Total cost of estimated repairs - - - -177.50
>
> "Total of appellant's claim, - - - - - $397.50."

The original contract of lease out of which all this controversy has arisen is filed in the record and reads as follows:

> "New Orleans, Louisiana, March 7, 1917.
> "Mrs. M. R. Gregory hereby leases to A. Haineback, of New Orleans, the premises No. 1005 and No. 1005 Annunciation Street of this City of New Orleans, for use as a bag place, for the term of one year, from March 1, 1917, to March 1, 1918, at a monthly rental of twenty ($20) dollars, payable in advance, with the privilege granted to Mr. Haineback by lessor to renew this lease at the same rental and conditions for another year.
> "Mr. Haineback is not to cut a hatchway in the building, and partition on bottom floor, if removed, to be put back by Mr. Haineback at his expense at the end of the lease.
> "Thus signed this 7th day of March, 1917.
> "(Signed) A. Haineback.
> "(Signed) Mrs. M.R. Gregory.
> "(Signed) S. Bileie."

Defendant answers this suit with exceptions of no cause of action, which were overruled by the trial court, and answering on the merits denies that there was any renewal of the original lease for another year, denies that he violated in any way the original contract of lease as to the removal of any partition or other property forming part of the leased premises, and finally denies that because of the defendant's removing from the premises there was any loss to the plaintiff in opportunity of re-leasing the property in question, or that the condition of the said property as left by the defendant when vacating, was such as to render the same uninhabitable or undesirable for leasing purposes. Defendant admits leasing the premises under the original contract, but avers that the renewal for a second year was never made either verbally or in writing, but that there was a verbal understanding between the plaintiff and defendant for a leasing of the premises at the same rental by the month only, and that under this verbal lease from month to month, he occupied said premises until the end or nearly the end of the month of December, 1918. He sets up a claim against the plaintiff under a so-called set off, conditional upon the finding by the trial court of any liability by him to the plaintiff. This latter claim may not be considered by us, the same having been disregarded by the trial court and no appeal having been taken by defendant from the judgment below.

There was judgment for defendant dismissing plaintiff's suit at her costs, from which judgment plaintiff appeals.

There are only issues of fact in this case, as we appreciate the evidence found in the record, and our conclusions as to these facts are as follows:

We find that the written contract of lease, as above quoted, and which contained a stipulation for renewal of the lease for another year, was not carried out by either party to the original contract. There is no doubt that defendant remained on the

premises after the expiration of the first term of the lease, and
the evidence is positive on the part of the defendant and his agent
that defendant renewed the lease verbally and only from month to
month by conversation had between the plaintiff and defendant's
agent, Mr. Sancheze. This fact is not contradicted by the plaintiff
and when asked if the defendant had ever renewed the lease for a
year under the provisions of the original written contract, re-
plied in the following uncertain manner:

> "Q.-Now in this contract you had given the
> privilege of renewal for one year?
> "A.-Yes, sir.
> "Q.-Was there any agreement between you two
> as to a change concerning that?
> "A.-No, sir, he moved out, and the year was
> not up; March had not come yet to renew--to make a
> new lease."

It is plain that the plaintiff's testimony as above quoted is erro-
neous, for it is shown by all other testimony in the record that
the defendant did not vacate the premises until December, 1918,
while in fact the original lease expired in March of 1918. On this
point we are satisfied with the testimony of both the defendant
and his agent, Mr. Sancheze, that the lease was not renewed be-
tween the parties by the year, but was verbally carried on on a
basis of a month-to-month verbal lease. We further find that the
defendant made extensive changes in the premises by erecting a roof
over the entire back yard reaching from the ground to the second
story of the building and that this was done shortly after moving
in under the original lease and with the knowledge and approval of
the plaintiff. It is a fact, as shown in plaintiff's petition,
that the wall or partition in the building itself was demolished
by the defendant during the term of the written lease, but it sub-
sequently appears that defendant offered to restore the wooden
partition and the brick foundation thereto, but that plaintiff
stated to him that he need not do this, and that this understand-
ing was had between the parties shortly after defendant had vaca-
ted the premises in December of 1918. It is further shown that

at this time defendant returned the keys to the plaintiff; that plaintiff's agent a few days afterwards, in January of 1919, put rent signs on the building, and that because of defendant's agreement to remove some trash which had accumulated in the building, the said keys were returned to defendant for this purpose, the trash promptly removed and the keys left by him with a certain party designated by plaintiff's agent. There is no evidence whatsoever that defendant endeavored to exercise any right of occupancy over the building after leaving it in December, 1918. It is also true that while the defendant changed the physical conditions of the premises rented by him under the original lease, inasmuch as he erected the shed aforementioned, that he also subsequently offered to demolish the shed as he had done concerning the partition in the building, and that plaintiff advised defendant's agent to let the shed remain as it was. All of this testimony, given on behalf of the defendant, has not been contradicted either by the plaintiff herself or her real estate agent, acting on her behalf and testifying in this case as a witness for the plaintiff. Considerable testimony has been taken concerning the damages which plaintiff suffered due to the operation of defendant's business in the rented premises, but we find that she was fully advised of the nature of defendant's business, which was dealing in second-hand burlap bags, a business more or less attended with dirt and dust, not of a nature, however, to cause permanent injury to the building. We find that every effort was made by the defendant to clean up the premises after vacating it, and that no complaint was made to him after making this effort, nor was any demand made upon him to restore the partition or remove the shed or in any other manner to change the conditions of the building as found when first occupied by defendant. There is slight evidence given by the plaintiff's agent that she was unable to rent the builing from January, 1919, to October, 1919, because of the condition in which the building was left by the outgoing ten-

ant, the defendant herein. When questioned as to the parties who applied or might have applied to plaintiff or her agent as prospective tenants, the said agent was unable to give any names or to designate any specific occasions under which the plaintiff had lost opportunity to re-rent her building. We have carefully reviewed the entire record in this case and are unable to conclude that the findings of the trial judge are in any manner erroneous.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby affirmed, at plaintiff's costs in both courts.

JUDGMENT AFFIRMED. APRIL 2, 1923.